IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Perry Lee Worley, ) | C/A No. 0:10-446-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Perry Lee Worley ("Worley"), brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI").

**ADMINISTRATIVE PROCEEDINGS**

In January 2007, Worley applied for SSI.[1] Worley's application was denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 16, 2009 at which Worley appeared and testified and was represented by Harry F. Smithson, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated July 14, 2009 finding that Worley was not disabled. (Tr. 13-18.)

Worley was born in 1955 and was 54 years old at the time of the ALJ's decision. (Tr. 29.) She has a tenth-grade education and has past relevant work experience as a maid. (Tr. 29, 138.)

---

[1] Worley filed a prior application for benefits in June of 2005. This application was denied in August 2005, and the decision was not appealed.

Worley alleges disability since May 16, 2006[2] due to left leg injuries and a pinched nerve in her left arm. (Tr. 155.)

The ALJ made the following findings and conclusions:

1. The claimant has not engaged in substantial gainful activity since January 24, 2007, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following medically determinable impairments: left leg injury and pinched nerve in left arm (20 CFR 416.921 *et seq*.).

3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 *et seq*.).

\* \* \*

4. The claimant has not been under a disability, as defined in the Social Security Act, since January 24, 2007, the date the application was filed (20 CFR 416.920(c)).

(Tr. 15-18.)

Worley filed a request for Appeals Council review which was denied on December 29, 2009, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

---

[2] Worley initially alleged disability beginning January 31, 2003, but amended her alleged onset date at her hearing before the administrative law judge. However, as noted by the Commissioner, Worley filed her application in January 2007 and the earliest that Worley could be eligible to receive benefits is the month after she filed the application. See 20 C.F.R. §§ 416.305, 416.335.

for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform [her] past relevant work; and

(5) whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Worley raises the following specific issues for this judicial review:

A. The ALJ erred in finding that Plaintiff's left tibia fracture, cervical sponylosis, and left ankle arthritis were "not severe" impairments.

B. The ALJ erred in failing to properly evaluate Plaintiff's subjective symptoms.

C. The ALJ ignored the testimony of his own vocational witness.

(Pl.'s Br., ECF No. 10.)

# DISCUSSION

The ALJ found that Worley had medically determinable impairments of a left leg injury and a pinched nerve in her left arm. However, the ALJ concluded that Worley did not have a severe impairment or combination of impairments. (Tr. 15.) Therefore, the ALJ found that Worley was not disabled at Step Two of the five-step sequential evaluation process, thus ending the disability inquiry. Worley argues that the ALJ erred in failing to find her left tibia fracture, cervical spondylosis, and left ankle arthritis to be severe impairments.

Step Two requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 416.921(b). "[A]n impairment can be considered as not severe only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original) (internal quotation marks omitted).

In concluding that Worley did not have a severe impairment or combination of impairments, the ALJ found that Worley's subjective complaints concerning her symptoms were not entirely credible. The ALJ also found that Worley's impairments did not affect Worley's ability to work. In reaching this decision, the ALJ appears to rely heavily on a state agency consultative examination performed in May 2007 by Dr. Mitchell H. Hegquist. (See Tr. 16-17, 266-72.) The ALJ also noted that no treating or examining physician opined that Worley is disabled and none of the state agency medical consultants found Worley had any severe impairments. Therefore, the ALJ found that "the evidence fails to show impairments (either singly or in combination), which produce any significant limitation/restriction of ability to do basic physical or mental activities of work." (Tr. 17.)

In support of her contention that the ALJ erred in failing to find that her left tibia fracture, cervical spondylosis, and left ankle arthritis to be severe impairments, Worley appears to present two arguments. The crux of both of these arguments appears to be that the ALJ improperly assessed Worley's credibility. First, she appears to argue that medical evidence exists in the record supporting the severity of these impairments. Second, Worley alleges that the ALJ's credibility analysis was improperly limited to specific medical findings and fails to take into account Worley's daily activities, use of medications, and other non-medical factors.

Contrary to Worley's first contention, there is substantial *medical* evidence to support the ALJ's determination that Worley did not have a severe impairment or combination of impairments. The record indicates that two state agency medical consultants reviewed the evidence and concluded that Worley's impairments were not severe. (Tr. 273, 274.) Further, no treating or examining physician opined that Worley was disabled. Medical examinations demonstrated that Worley had a normal gait, full range of motion, full strength, no neurological deficits, equal peripheral pulses, no edema, normal grip strength, the ability to perform fine and gross manipulations with her hands,

the ability to squat three-quarters, and the ability to heel-toe walk, although with difficulty. (Tr. 202-03, 257-61, 267-70, 279.) Worley points to medical records that indicate the presence of the impairments, such as records showing that Worley has pinheads and screws on her left tibia; however, these records do not reflect any limitations on her ability to do basic work activities. Worley also relies on a medical record from the day after Worley's foot was run over by a vehicle, indicating that she had marked edema and avulsion in the foot (Tr. 232-33); however, later records indicate no edema or avulsion, indicating that her condition improved (see Tr. 267-70). Further, with regard to Worley's left arm, she points to a medical record indicating that she reported to the emergency department with complaints of tingling in her left arm and that the doctor's clinical impression included "left arm paresthesias." (Tr. 257-57.) However, as pointed out by the ALJ, in May 2007, Worley informed Dr. Hegquist that she had a pinched nerve in her left arm with numbness episodically, was evaluated by the emergency room on only one occasion for this complaint, was treated with unknown medications with some improvement, and had no further evaluation or treatment for this complaint. (Tr. 16-17.) Further, during her evaluation with Dr. Hegquist she reported no numbness, no tenderness to palpitation, full range of motion, and good strength. Accordingly, while Worley may point to select medical evidence in support of her argument, Worley has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence on this basis.

With regard to Worley's subjective complaints of pain, the Commissioner concedes that "the ALJ's credibility determination is not as detailed as it could have been," apparently recognizing that the ALJ's decision does not discuss Worley's daily activities, use of medications, and other non-medical factors. However, the Commissioner argues that any error by the ALJ in this regard was harmless and, therefore, reversal is not appropriate.

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  In this matter only the second step is at issue,[3] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain [or other symptoms] and the extent to which it affects her ability to work." Id.  In making this determination, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added).  "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595.  A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id.  The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

---

[3] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3).

In this case, the ALJ found that Worley's impairments "could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with finding that the claimant has no severe impairment or combination of impairments for the reasons explained below." (Tr. 16.) In reaching this conclusion, the ALJ only discussed the medical evidence. Therefore, the court cannot determine whether the ALJ considered the non-medical evidence in this matter, particularly Worley's daily activities, in considering her credibility. For example, Worley indicated that her pain and symptoms limit her ability to walk, stand, lift and carry items, drive, prepare meals, clean, perform yard work, and pay attention. (Tr. 33-43, 177-84.) Accordingly, the court finds that the ALJ erred, as a mater of law, in failing to evaluate Worley's credibility in accordance with the applicable law discussed above. See Craig, 76 F.3d at 595; 20 C.F.R. § 416.929(c)(3); SSR 96-7p. The court cannot say that this error is harmless because remand might lead to a different result. See Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained,

reversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (citations and internal quotation marks omitted); Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that the principle of harmless error applies to Social Security disability cases); but see Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); Steel v. Barnhart, 290 F.3d 936 (7th Cir. 2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ."). Therefore, based on the record before the court, the court is constrained to recommend remanding this matter for the ALJ to further explain his credibility analysis and continue with the sequential analysis, if necessary.[4]

Reconsideration of Worley's credibility at Step Two of the sequential process may affect the ALJ's determination as to the subsequent steps of the sequential evaluation. In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Worley's final issue regarding the testimony of the vocational expert, as it may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

---

[4] The court expresses no opinion as to whether consideration of the non-medical evidence in conjunction with the medical evidence already discussed by the ALJ should lead to a finding that Worley's subjective complaints are credible. Analysis of the non-medical evidence may well not affect the ALJ's conclusion on this point. However, on this record, the court cannot say that the ALJ's apparent failure to consider the non-medical evidence in his analysis of Worley's subjective complaints is harmless.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 23, 2011
Columbia, South Carolina.

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).