IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Perry Lee Worley, ) | |
| ) | C.A. No.  0:10-446-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Perry Lee Worley ("Worley") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for supplemental security income ("SSI") under Title XVI of the Social Security Act.  Magistrate Judge Gossett recommends remanding the case to the Commissioner for further administrative action.  On March 14, 2011, both parties filed objections to the Report and Recommendation.  For the reasons explained below, the court remands the case to the Commissioner for further administrative action.

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 13-18), and summarized as follows. At the time of the ALJ's decision on July 14, 2009, Worley was a fifty-four-year-old woman with a tenth grade education and past relevant work as a maid. (Id. at 29, 138.) Smith alleges that she has been disabled since May 19, 2006, due to a left leg injury and pinched nerve in her left arm. (Id. at 15.)

Worley filed an application for SSI on February 8, 2007. (Id. at 122.) The application was denied initially and upon reconsideration. (Id. at 13.) After a hearing on June 16, 2009, the ALJ found that Worley's statements regarding the intensity and persistence of her symptoms were not credible. (Id. at 13, 16.) Accordingly, the ALJ determined that Worley did not have a severe impairment or combination of impairments and denied her application for SSI. (Id. at 14-15.) The Appeals Council denied Worley's request for review of the ALJ's decision on December 29, 2009, thereby making the determination of the ALJ the final decision of the Commissioner. (Id. at 1-3.) Worley filed the instant action on February 24, 2010.

## II. Report and Recommendation

The magistrate judge found that the ALJ failed to discuss relevant non-medical evidence in concluding that Worley did not have a severe impairment or combination of impairments. (Report & Recommendation at 9-12.) Consequently, Magistrate Judge Gossett recommends remanding the case to the ALJ for further administrative proceedings. (Id. at 12.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

The Commissioner objects to the magistrate judge's recommendation remanding this case to the ALJ, contending that (1) the ALJ considered all non-medical evidence and (2) even if the ALJ erred by failing to consider relevant non-medical evidence in assessing the severity of Worley's impairments, such an error is harmless. (Comm'r Objections at 2-3.) The Commissioner's arguments, however, are unavailing.

The Commissioner must perform a two-step inquiry when evaluating whether a claimant is entitled to an award of disability benefits. Craig, 76 F.3d 594. First, the ALJ must determine whether the claimant established "the existence of a medical impairment(s) which results from

3

anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(b). Once this threshold requirement is satisfied, the ALJ is then required to assess "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595. In doing so, the ALJ must "consider all of the available evidence" including a claimant's subjective complaints regarding the intensity of her pain. 20 C.F.R. § 404.1529(a)(1); see also Craig, 76 F.3d at 595. Review of a claimant's subjective complaints requires, among other things, consideration of the claimant's "daily activities" and the "location, duration, frequency, and intensity of . . . pain or other symptoms" in the evaluation of the claimant's subjective complaints. 20 C.F.R. § 416.929(c)(3).

The ALJ found that Worley's impairments could reasonably be expected to produce the symptoms alleged, and therefore, Worley satisfied the first step in showing a disability. (R. at 16.) Under the second step, however, the ALJ discredited Worley's statements about the intensity and persistence of her symptoms and concluded that Worley did not have a severe impairment or combination of impairments. (Id.) In doing so, the ALJ limited his discussion to medical evidence in the record and failed to expressly review Worley's subjective complaints about the extent to which "her pain and symptoms limit her ability to walk, stand, lift and carry items, drive, prepare meals, clean, perform yard work, and pay attention." (Report & Recommendations at 9.) Nevertheless, the Commissioner contends that the court should assume the ALJ properly considered Worley's subjective complaints because in the ALJ's opinion, he "expressly recognized his duty to evaluate 'the credibility of the claimant's statements based on a consideration of the entire case record.'" (Comm'r Objections at 3.) Social security

4

regulations, however, instruct that "[i]t is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"  SSR 96-7p, 1996 WL 374186, at *2 (1994).  When discrediting a claimant's subjective complaints about the severity of the impairment, the Commissioner must provide a reviewing court with "specific reasons for the finding on credibility" and those reasons "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  Id.  By failing to address Worley's statements regarding her daily activities and other subjective complaints, the ALJ failed to adequately explain the basis for his conclusion that Worley's impairments were not severe.  Moreover, the court rejects the Commissioner's argument that remand is unwarranted because the ALJ's error is harmless.  (Comm'r Objections at 1.)  It is the province of the ALJ, as the fact finder, to assess the credibility of Worley's subjective complaints of pain and provide explanations for his ultimate conclusion.  Because the court is unable to ascertain whether the ALJ even considered Worley's subjective complaints in his analysis, the court is unable to determine whether the error is harmless.

     After a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

It is therefore

**ORDERED** that this case is remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

                                                                   s/Henry M. Herlong, Jr.
                                                                   Senior United States District Judge

Greenville, South Carolina
April 7, 2011