IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Perry Lee Worley, ) | |
| ) | C.A. No. 0:10-446-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). The Plaintiff seeks attorney's fees in the above-captioned social security action in the amount of Eight Thousand Two Hundred Eighty-Seven Dollars ($8,287.00). See 28 U.S.C. § 2412(a). The Commissioner does not object to the request for attorney's fees.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a social security case,[1] the court finds that an award of $8,287.00 is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee] agreements as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to a contingency fee agreement, the Plaintiff agreed to

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

pay counsel 25 percent of any past-due benefits.[2]  In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed 25 percent of any past-due benefits.

The requested attorney's fee is reasonable[3] given that Plaintiff's counsel expended 27.0 hours working on this matter at the court level.  Wrenn v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court).  Further, Plaintiff's counsel achieved a successful result without any unreasonable delay.  In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall.  Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003).

---

[2] The Commissioner's Notice of Award indicates that Plaintiff's counsel failed to register for attorney's fees prior to the Commissioner's resolution of Plaintiff's claim, and therefore, no portion of Plaintiff's past-due benefits would be withheld as attorney's fees.  Plaintiff's counsel contends that this statement is erroneous and presents the court with documentation demonstrating that he in fact registered for direct payment of attorney's fees. (Pl. Pet. Att'y Fees Ex. 5 (Registration Documents, generally).)  Counsel represents to the court that as of December 2, 2011, the date on which he filed his petition for attorney's fees, Plaintiff has received only $4,022.00 of her $33,151.50 award of past-due social security income benefits.  (Id.)  Accordingly, he requests that the court "direct the Commissioner to withhold the approved amount [of attorney's fees] from that portion of Plaintiff's past[-]due benefits [that] have still not been released to Plaintiff so that the terms of the Fee Agreement can be effectuated."  (Id. at 2-3.)  The Commissioner does not object to this request.  (Def. Resp. Mot. Att'y Fees 1.)

[3] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]."  Craig, 864 F.2d at 328.

It is therefore

**ORDERED** that Plaintiff's motion for attorney's fees, docket number 26, is granted, and Plaintiff is awarded attorney's fees in the amount of Eight Thousand Two Hundred Eighty-Seven Dollars ($8,287.00).

**IT IS SO ORDERED.**

                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
January 10, 2012